Dear Mr. Hamaker:
On behalf of The Industrial Development Board of The Parish of Ouachita, Louisiana, Inc. (the "Issuer"), you have requested the opinion of this office regarding the proposed issuance of not exceeding $40,000,000 of taxable industrial revenue bonds (the "Bonds") by the Issuer to finance a portion of the acquisition of an office building and related facilities in the Parish of Ouachita (the "Project"). The beneficiary of the financing will be Century Service Group, Inc., a Louisiana corporation ("Company"). This office is advised that Company is a subsidiary of Century Telephone Enterprises, Inc. ("Century"). The facts as presented to this office indicate that Century is strictly a holding company, and that Company is engaged solely in accounting, finance and engineering services. We are further advised that: 1) the Project is not designed for sales or distribution to the public of "services commonly classified as public utilities"; 2) neither Company nor Century are engaged in "the sale or distribution to the public of . . . telephone or other services commonly classified as public utilities" (R.S.51:1151); and 3) the Project will be utilized solely as Century and Company's corporate headquarters.
You have advised that Company will convey the Project to the Issuer, including the real property owned by Company, in stages as each phase is completed, and that the Issuer will enter into a Lease Agreement granting exclusive use and occupancy of the Project to Company. You further advise that Company has agreed to pay to the Issuer specified rental payments and other payments sufficient to pay principal and interest on the bonds. Your letter also states that upon payment to the Issuer of all amounts due on the Bonds, ownership of the Project will be conveyed to the Company.
According to your correspondence, the principal motivation for the issuance of the bonds is the exemption from ad valorem taxes (in accordance with R.S. 51:1160) which will occur as a result of the Issuer taking title to the Project. It is our further understanding that the Issuer will require payments in lieu of taxes, in an amount less than the taxes that would be due if the Project were on the tax rolls of the Parish. We are advised that the reduced payments in lieu of taxes are to serve as an inducement to Company to locate the Project in Ouachita Parish.
With regard to the foregoing, the Issuer asks:
 "Will the Project and the property be considered exempt from ad valorem taxation while leased to the Company if title thereto is held by the Issuer?"
La. Const. (1974) Art. VII, Sec. 21 provides a list of property that shall be exempt from ad valorem taxation. "Public lands; other public property used for public purposes" is included within the list of exempt property.
With regard to Industrial Development Boards, R.S. 51:1152
provides, in pertinent part:
"A. The legislature hereby finds and determines:
 (1) That the existence, development and expansion of commerce and industry are essential to the economic growth of the state and to the full employment, welfare and prosperity of its citizens;
***
 (4) That the present and future health, safety, right to gainful employment, and the general welfare of the people of the state merit and require the assistance of the state, its agencies, and political subdivisions in the development within the state and its political subdivisions of industrial, agricultural, manufacturing, and research enterprises . . . and in the attraction and retention of sound business and commercial enterprises which contribute to the economic growth and vitality of the state and its political subdivisions;
***
 (6) That the means and measures herein authorized by this chapter and the assistance provided in this chapter, especially with respect to financing, are in the public interest and serve a public purpose of the state in promoting the health, welfare, and safety of the citizens of the state . . . by the securing and retaining of private industrial, commercial and other enterprises and the resulting maintenance of a higher level of employment and economic activity and stability.
 B. It is the intent of the legislature by passage of this Chapter to authorize the incorporation in the several municipalities or in the parishes in this state of public corporations to acquire, own, lease, rent, repair, renovate, improve, finance, sell, and dispose of properties to the end that such corporations may be able to promote industry and develop trade by inducing manufacturing, industrial, commercial and other enterprises to locate in this state and further the use of its agricultural products and natural resources . . . and to acquire, own, lease, rent, repair, renovate, improve, finance, sell, and dispose of properties to the end that such corporations may be able to attract and retain business and commercial enterprises in the municipality or parish to maintain and expand employment and the economy in the area."
Additionally, R.S. 51:1160 pertinently provides:
 "The corporation is hereby declared to be performing a public function on behalf of the municipality or parish with respect to which the corporation is organized and to be a public instrumentality of such municipality or parish. Accordingly, the corporation and all properties at any time owned by it and the income therefrom and all bonds issued by it and the income therefrom shall be exempt from all taxation in the state of Louisiana; provided, however, that the corporation may require the lessee of each of the projects of the corporation to pay annually to parish or municipal taxing authorities, through the normal collecting agency, a sum in lieu of ad valorem taxes to compensate such for any services rendered by them to such projects which sum shall not be in excess of the ad valorem taxes such lessee would have been obligated to pay to such authorities had it been the owner of such project during the period for which such payment is made." (Emphasis added).
Finally, we direct your attention to Attorney General's Opinion No. 88-454, which determined that while property upon which a warehouse and distribution facility were to be erected was leased to the developer, and title to the property was held by the issuer (an Industrial Development Board) of taxable revenue bonds, the property would be exempt from ad valorem taxation.
Based upon the foregoing, it is the opinion of this office that while the property is leased to Company and title to the property is held by the Issuer, the property will be exempt from ad valorem taxation.
Trusting this adequately responds to your request, I remain,
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JEANNE-MARIE ZERINGUE Assistant Attorney General
RPI:JMZ:jav 0348n